

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

DANA LEE, )
on behalf of herself and all those )
similarly situated who consent to )
representation, )
)
Plaintiff, )Civil Action No.
)
v. )
)COMPLAINT for violations of the
ETHAN ALLEN RETAIL, INC., )Fair Labor Standards Act of 1938, as
a Delaware corporation, )amended
)
Defendant. )JURY TRIAL DEMANDED

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Dana Lee (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant Ethan Allen Retail, Inc. (hereinafter "Defendant") on behalf of herself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1.    The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by

Defendant which have deprived Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful overtime wages.

2.  Other current and former employees of Defendant are also entitled to receive overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff may be permitted to maintain this action "for and in behalf of [herself] . . . and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee, or former employee, wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3.  This action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees of Defendant who are similarly situated to the Plaintiff, pursuant to the FLSA.

4.  The named Plaintiff and any collective group similarly situated were or are employed by Defendant working as design consultants and/or salespersons (collectively referred to as "design consultants").

5.  During the employment of Plaintiff, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendant committed widespread violations of the FLSA by failing to compensate

2

employees at an overtime rate for hours worked in excess of 40 hours in a given workweek.

6.     Plaintiff and all similarly situated former and current employees who elect to participate in this action seek unpaid overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

8.  Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

9.     Plaintiff DANA LEE resides in Newnan, Georgia (within this District) and is a citizen of the United States.  Plaintiff was employed by Defendant as a design consultant in Defendant's retail design center in Fayette County, Georgia, from on or about August 6, 2006 to on or about November 1, 2007. She regularly worked within this District.

3

10.    At all times material to this action, the named Plaintiff and any collective group similarly situated were or are "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the  territory of the United States. These same individuals are further covered by § 206 and § 207 of the FLSA for the period in which they were employed by Defendant.

11.    Defendant is a corporation formed under the laws of the State of Delaware and owns and operates approximately 153 retail design centers throughout the continental United States, including retail design centers in the counties of Fayette, Cobb, and Gwinnett, amongst others, in the state of Georgia.

12.    Defendant conducts business within this State and District.

13.    Defendant maintains either actual or constructive control, oversight and direction of its retail design centers, including the employment and pay and other practices of those operations.

14.    Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its/their designated agent, C. T. CORPORATION SYSTEM, 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361.

15.    At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by

§ 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16.     At all times material to this action, Defendant was an "employer" of the named Plaintiff and/or others similarly situated, as defined by § 203(d) of the FLSA.

17.     The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

18.     Upon information and belief, Defendant employs over 1,000 employees as design consultants.

19.     Upon information and belief, Defendant's policies regarding compensation and overtime are determined on a national basis, applying to all employees at its retail design centers in the continental United States.

20.     Upon information and belief, Defendant's policies regarding compensation and overtime are centralized from its United States headquarters in Danbury, Connecticut.

21.     On average, the named Plaintiff and other employees similarly situated, worked in excess of 40 hours per workweek.

22.    As a design consultant, the named Plaintiff's duties and the duties of other former and current employees similarly situated included sales of Defendant's home furnishings products and staffing a showroom of a retail design center of Defendants.

23.    As a design consultant, the named Plaintiff's primary duty and the primary duty of other former and current employees similarly situated was to sell Defendant's products.

24.    At all times relevant to this action, the named Plaintiff's primary duty and the primary duty of other former and current employees similarly situated was not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

25.    At all times relevant to this action, the named Plaintiff and other former and current employees similarly situated were not responsible for supervising or directing the work of any other employees.

26.    At all times relevant to this action, the named Plaintiff and other former and current employees similarly situated did not possess the authority to hire or fire other employees.

27.     At all times relevant to this action, the named Plaintiff's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

28.     At all times relevant to this action, the suggestions and recommendations, if any, of other former and current employees similarly situated, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

29.     At all times relevant to this action the named Plaintiff and other former and current employees similarly situated did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

30.     At all times relevant to this action the named Plaintiff's work did not require knowledge of an advanced type acquired by a prolonged course of specialized intellectual instruction.

31.     At all times relevant to this action, the work of other former and current employees similarly situated did not require knowledge of an advanced type acquired by a prolonged course of specialized intellectual instruction.

32.     At all times relevant to this action, the named Plaintiff's work was not in a recognized field of artistic or creative endeavor.

33.    At all times relevant to this action, the work of other former and current employees similarly situated was not in a recognized field of artistic or creative endeavor.

34.    At all times relevant to this action, the named Plaintiff and other former and current employees similarly situated customarily worked, and were regularly engaged, inside an individual ETHAN ALLEN RETAIL, INC. design center.

35.    At all times relevant to this action, the named Plaintiff and other former and current employees similarly situated were not paid a salary.

36.    At all times relevant to this action, the named Plaintiff and other former and current employees similarly situated were paid on commission.

37.    During the course of their employment, Defendant paid the named Plaintiff and other former and current employees similarly situated a specific amount as a recoverable bi-weekly "draw."

38.    At all times relevant to this action, the named Plaintiff and other former and current employees similarly situated always or almost always earned the same fixed individually pre-determined compensation amount each pay period.

39.    At all times relevant to this action, the named Plaintiff's monthly computed commissions seldom or never equaled or exceeded the amount of her

draw; or at all times relevant to this action, total commissions earned by the named Plaintiff did not exceed her "draw," or if they did, such commissions only marginally increased her total earnings for a representative period.

40.    At all times relevant to this action, the monthly computed commissions of other former and current employees similarly situated seldom or never equaled or exceeded the amount of their draws; or at all times relevant to this action, the total commissions earned by each of the other former and current employees similarly situated did not exceed each of their individual "draws," or if they did, such commissions only marginally increased their total earnings for a representative period.

41.    The commission rate utilized by Defendant to pay the named Plaintiff and other former and current employees similarly situated is not a bona fide commission rate for purposes of FLSA.

42.    At all times relevant to this action, the named Plaintiff and other former and current employees similarly situated earned less than one-half (1/2) of their monthly income from bona fide sales commissions.

43.    At all times relevant to this action, Defendant did not compensate the named Plaintiff and other former and current employees similarly situated for time

worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which they were employed.

44.     The records, if any, concerning the number of hours actually worked by the named Plaintiff and other former and current employees similarly situated, and the compensation actually paid to the named Plaintiff and other employees similarly situated are in the possession of Defendant.

45.     Defendant fails to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207 or § 213 with respect to the named Plaintiff and other former and current employees similarly situated.

46.     Defendant is liable to the named Plaintiff and other former and current employees similarly situated for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times their regular hourly rate.

47.     By reason of the said intentional, willful and unlawful acts of Defendant, the named Plaintiff and other former and current employees similarly situated have suffered damages plus incurring costs and reasonable attorneys' fees.

48.    As a result of Defendant's willful violations of the FLSA, the named Plaintiff and other former and current employees similarly situated are entitled to liquidated damages.

49.    The named Plaintiff has retained the undersigned counsel to represent her and other former and current employees similarly situated in this action, and pursuant 29 U.S.C. §216(b), the named Plaintiff and other employees similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

50.    Plaintiff demands a jury trial.

### COUNT I

51.    Plaintiff repeats and incorporates by reference paragraphs 1-50 herein. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

52.    Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to pay overtime compensation to current and former employees, including the named Plaintiff and other similarly situated employees in accordance with § 207 of the FLSA.

53.    As a result of Defendant's violations of the FLSA, the named Plaintiff, as well as other similarly situated employees have suffered damages by failing to receive overtime wages in accordance with § 207 of the FLSA.

54.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of the named Plaintiff and other similarly situated current and former employees.

55.    As a result of the unlawful acts of Defendant, the named Plaintiff and all current and former employees similarly situated have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

## PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons who will opt into this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A.   That all Plaintiffs be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B.   That all Plaintiffs be awarded prejudgment interest;

C.   That all Plaintiffs be awarded reasonable attorneys' fees;

D.   That all Plaintiffs be awarded the costs and expenses of this action; and

E.   That all Plaintiffs be awarded such other, further legal and equitable relief,

including but not limited to, any injunctive and/or declaratory relief to which they

may be entitled.

Respectfully submitted this 19th day of November, 2007.

MARTIN & MARTIN, LLP

By:   *Kimberly N. Martin*
Kimberly N. Martin
Georgia Bar No. 473410
Thomas F. Martin
Georgia Bar No. 482595
3481 Lakeside Drive, Suite 805
Atlanta, Georgia 30326
(404) 313-5538 / (770) 837–2678 Fax
kmartin@martinandmartinlaw.com
Attorneys for Plaintiff